FILED
2019 Jun-07 PM 01:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DANA FLIPPO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 7:18-cv-1019-MHH-TMP |
| | ) |
| THE STATE OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On April 1, 2019, the magistrate judge filed a report in which he recommended that the Court, pursuant to 28 U.S.C. § 1915A(b), dismiss this action without prejudice for failure to state a claim upon which relief can be granted. (Doc. 12). Ms. Flippo objected to the report and recommendation and requested permission to amend her complaint. (Doc. 13). For the reasons that follow, the Court overrules Ms. Flippo's objections and denies her request to amend.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is

made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In her current complaint, Ms. Flippo asserts a due process claim pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 5-6).[1] In support of her claim, Ms. Flippo argues that two state court condemnation judgments concerning her money are void because the State of Alabama did not have jurisdiction to initiate either condemnation proceeding. (Doc. 13, p. 2). Ms. Flippo contends that the state lacked jurisdiction to entertain the condemnation actions because when the State of Alabama filed the actions and when the state court entered judgments in favor of the State, "there was no final state criminal conviction and no adequate facts available for the court to make such determination . . ." of criminal guilt. (Doc. 13, p. 3); (*see also* Doc. 13, p. 6) ("the funds were condemned prior to a criminal conviction in any court of law"). Ms. Flippo correctly notes that the State of Alabama ultimately dropped its criminal charges against her, and she is subject

---

[1] Ms. Flippo also describes her claim as a takings claim. (Doc. 1, p. 6).

only to a federal criminal conviction. She contends that a state court and a federal court could not "simultaneously exercise *in rem* jurisdiction over the same property." (Doc. 13, pp. 5-6). Finally, Ms. Flippo contends that under Alabama Code § 15-5-14, the State of Alabama had a statutory obligation to return the funds to her after the State dropped its charges against her, and she did not have to request the funds. (Doc. 13, pp. 7-8). Because the State failed to return the funds, the State "fail[ed] to follow its own procedural rules," and "any post-deprivation procedure was inadequate." (Doc. 13, p. 8).

The Court may not address the merits of Ms. Flippo's legal arguments because a state court remedy is available to Ms. Flippo. A party may not successfully assert a federal § 1983 due process claim based on allegedly inadequate state court procedures if a state remedy is available to rectify the alleged due process violation. In other words,

> no procedural due process violation has legally *occurred* until the state remedies have proven to be inadequate to rectify the violation. The plaintiff cannot show that state remedies are inadequate if he has not pursued all such remedies. "When a state procedure is inadequate, no procedural due process right has been violated unless and until the state fails to remedy that inadequacy."

*Ellis v. City of Boaz*, No. 4:14-cv-02081-TMP, 2017 WL 897597, at *5 (N.D. Ala. March 7, 2017) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)) (emphasis in *Ellis*); *see also Ellis*, 2017 WL 897597, at *5 ("[T]here simply cannot be a due process violation if an adequate state remedy is available. In such cases,

the elements of a due process claim have not been met, and therefore the claim cannot go forward.").

Here, Rule 60 of the Alabama Rules of Civil Procedure affords a potential state remedy. If, as she contends, the state court condemnation judgments against her funds are void or otherwise unenforceable, Ms. Flippo may bring motions in the state court proceedings pursuant to Rule 60(b)(4) or Rule 60(b)(6) to obtain relief from the state court judgments. Ala. R. Civ. P. 60(b)(4) (providing a basis for post-judgment relief if "the judgment is void"); Ala. R. Civ. P. 60(b)(6) (providing a basis for post-judgment relief for "any other reason justifying relief from the operation of the judgment").[2] There is no time limit on a motion under Rule 60(b)(4) or Rule 60(b)(6). *See R.J. Reynolds Tobacco Co. v. Cantley*, 717 So. 2d 751, 758 (Ala. 1998) (four-month limitation in Rule 60(b) applies "to clauses (1) through (3)") (citations omitted); *Ex parte R.S.C.*, 853 So. 2d 228, 233 n.1 (Ala. Civ. App. 2002), *as modified on denial of reh'g* (Jan. 17, 2003) ("A Rule 60(b)(4), (5), or (6) motion may be filed within a 'reasonable time' after entry of a judgment.") (citing *Ex parte E.D.*, 777 So. 2d 113 (Ala. 2000)). In addition, Rule 60(b) "does not limit the power of a court to entertain an independent action within

---

[2] A Rule 60(b)(6) motion "must be based on some reason other than those stated in clauses 60(b)(1) through (5) . . . . " *Ex parte Hartford Ins. Co.*, 394 So. 2d 933, 936 (Ala. 1981) (citing 7 *Moore, Federal Practice*, § 60.27(1) p. 343 (2d ed. 1972)).

4

a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." Ala. R. Civ. P. 60(b).

Ms. Flippo does not challenge the magistrate judge's finding that she "did not appeal [from the condemnation judgments] or pursue any other post-judgment litigation," (Doc. 12, p. 5), and the Court finds no error in that finding. Because she has not used the state court remedies available to her under Rule 60(b), Ms. Flippo's § 1983 due process claim is meritless.[3]

Ms. Flippo has asked to amend her complaint to add a Commerce Clause claim. On the record in this case, addition of an interstate commerce claim would be futile.[4]

After reviewing the record, the Court accepts the magistrate judge's recommendation and denies Ms. Flippo's motion for leave to amend as futile and dismisses her case without prejudice under 28 U.S.C. § 1915A(b) because the available state remedies preclude a due process claim. The Court will enter a

---

[3] Ms. Flippo no doubt faced in the condemnation proceeding. Had she tried to claim the funds while she faced potential criminal charges, her effort could have been viewed as evidence of criminal conduct. Ms. Flippo may make the point in a Rule 60(b) motion or in an independent state court action.

[4] "Drug trafficking affects interstate commerce." *Cf. United States v. Kim*, 94 F.3d 1247, 1250 (1996) (internal citation omitted) (rejecting Commerce Clause challenge to 21 U.S.C. § 801(2) in a federal civil forfeiture case involving condemnation of currency as contraband of drug trafficking).

separate final order.

**DONE** this 7th day of June, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE